IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

NOV 21 2016

David J. Bradley, Clerk of Court

MEHBOOB LAKHANI,

**PLAINTIFF,**

v.                                                          Case No.

HCL AMERICA, INC.,
KRG TECHNOLOGIES, INC.,

**DEFENDANTS.**

_____/

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

Now comes the Plaintiff, MEHBOOB LAKHANI (hereinafter "LAKHANI" or "Plaintiff"), and files his Complaint against the Defendants, HCL AMERICA, INC. (hereinafter "HCL"), and KRG TECHNOLOGIES, INC. (hereinafter "KRG"), collectively referred to hereinafter as ("Defendants"), seeks damages from Defendants and states as follows:

## NATURE OF THE CLAIMS

1.     This is an action for monetary damages and injunctive relief, pursuant to Title I of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter the "ADA"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 623, *et seq.* (hereinafter the "ADEA"); Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq.* (hereinafter "Title VII"); and the Texas Commission on Human Rights Act, Texas Labor Code §§ 21.001 *et seq.* (hereinafter the "TCHRA").

2.     This action is to redress Defendants' unlawful employment practices against Plaintiff, including Defendants' unlawful discrimination against Plaintiff because of his disability, age, and religion.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA, the ADEA, and Title VII.

4.  This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

5.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PARTIES

6.  Plaintiff, LAKHANI, is a citizen of the United States, and is and was at all times material, a resident of the State of Texas and resides in Harris County.

7.  Defendant, HCL, is a Foreign For-Profit corporation authorized to conduct business in the State of Texas, created under the laws of New York, with its principal place of business at 330 Potrero Avenue, Sunnyvale, California 94085.

8.  Defendant, KRG, is a For-Profit corporation authorized to conduct business in the State of Texas, with its principal place of business at 25000 Avenue Stanford, Suite 243, Valencia, California 91355.

9.  Defendant, HCL, is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

10. Defendant, KRG, is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

11.   Defendants are joint employers and as such are jointly and severally liable by all laws under which this action is brought.

## PROCEDURAL REQUIREMENTS

12.   Plaintiff has complied with all statutory prerequisites to filing this action.

13.   On or about July 8, 2016, Plaintiff filed a timely claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") against Defendant, HCL, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e). (*See* copy of July 8, 2016, Charge of Discrimination, attached hereto and incorporated herein as Exhibit 1).

14.   Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

15.   On or about August 19, 2016 the EEOC issued to Plaintiff a Notice of Right to Sue. (*See* copy attached hereto and incorporated herein as Exhibit 2).

16.   This complaint was filed within ninety (90) days of the issuance of the EEOC's Right to Sue letter.

17.   An EEOC filing automatically operates as a dual-filing with the Texas Workforce Commission, Civil Rights Division.

18.   On or about July 8, 2016, Plaintiff filed a timely claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") against Defendant, KRG, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e). (*See* copy of July 8, 2016, Charge of Discrimination, attached hereto and incorporated herein as Exhibit 3).

19.   Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

20. On or about August 24, 2016 the EEOC issued to Plaintiff a Notice of Right to Sue. (*See* copy attached hereto and incorporated herein as Exhibit 4).

21. This complaint was filed within ninety (90) days of the issuance of the EEOC's Right to Sue letter.

22. An EEOC filing automatically operates as a dual-filing with the Texas Workforce Commission, Civil Rights Division.

## FACTS

23. At all material times, Plaintiff worked for Defendants in Houston, TX.

24. Plaintiff was employed by Defendants for approximately fourteen (14) months and during that time he held the position of Senior Storage Engineer.

25. Plaintiff is a Muslim and practices the Islamic faith.

26. Plaintiff was fifty-six (56) years old at the time of his wrongful termination.

27. While employed by Defendants, Plaintiff satisfactorily performed the job requirements of his position.

28. Plaintiff worked from home full-time and on call. Defendants demanded Plaintiff be available at all hours on call, and Plaintiff worked approximately sixty (60) hours per week on average.

29. Plaintiff was subjected to discrimination, harassment and disparate treatment based on his disability during his employment with Defendants.

30. On or around August 22, 2015, Plaintiff was involved in non-work related car accident that left Plaintiff with a physical impairment that substantially limited a major life activity.

31.    Plaintiff immediately informed Defendants of his accident and made a request for reasonable accommodations to be removed from the on call duty list.

32.    Plaintiff's request for reasonable accommodations would not cause an undue hardship to Defendants.

33.    Defendants denied Plaintiff's request.

34.    On or around November 16, 2015, Plaintiff provided Defendants via email with a doctor's note listing his accommodations and again asserted his request for reasonable accommodations.

35.    Defendants denied Plaintiff's request and told Plaintiff that he would not be accommodated until January of 2016.

36.    On or around December 13, 2015, Defendants wrongfully terminated Plaintiff's employment.

37.    Defendants also discriminated against Plaintiff on the basis of his age by subjecting him to disparate treatment based on the same.

38.    Upon information and belief, Plaintiff was the oldest employee employed in his position at the time he was terminated.

39.    Defendants gave permanent positions to much younger employees, but denied Plaintiff the same.

40.    Upon information and belief, Plaintiff's replacement after his wrongful termination was much younger and was under the age of forty (40).

41.    Defendants also discriminated against Plaintiff on the basis of his religion by subjecting him to disparate treatment based on the same.

42. Discriminatory comments were made regarding Plaintiff's religion in his presence, specifically statements were made alleging that all Muslims are terrorists.

43. Upon information and belief, Plaintiff's replacement was a non-Muslim.

44. Upon information and belief, another Muslim employee was terminated shortly after Plaintiff.

45. Defendants unlawfully terminated Plaintiff in a discriminatory manner and subjected him to disparate treatment based on his disability, age and religion under the ADA, the ADEA, Title VII, and the TCHRA.

46. Plaintiff has been damaged by Defendants' illegal conduct.

47. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## COUNT I: Disability Discrimination in Violation of the ADA

48. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-47, above.

49. At all times material, Defendants each, employed fifteen (15) or more employees and both Defendants qualify as employers within the meaning of the ADA.

50. At all times relevant to this action, Plaintiff was a qualified employee with a disability under the ADA.

51. Plaintiff has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendants.

52. Defendants are prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

53. Plaintiff requested a reasonable accommodation and Defendants refused to provide it.

54. Defendants intentionally discriminated against Plaintiff on the basis of his disability.

55. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

56. Defendants' unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II: Retaliation in Violation of the ADA

57. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-47, above.

58. At all times material, Defendants each, employed fifteen (15) or more employees and both Defendants qualify as employers within the meaning of the ADA.

59. At all times relevant to this action, Plaintiff was a qualified employee with a disability under the ADA.

60. Plaintiff requested a reasonable accommodation and Defendants refused to provide it.

61. Defendants intentionally retaliated against Plaintiff on the basis of his request for a reasonable accommodation of his disability.

62.   As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

63.   Defendants' unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### COUNT III: Disability Discrimination in Violation of the TCHRA

64.   Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-47, above.

65.   At all times material, Defendants each, employed fifteen (15) or more employees and both Defendants qualify as employers within the meaning of the TCHRA.

66.   At all times relevant to this action, Plaintiff was a qualified employee with a disability under the TCHRA.

67.   At all times material, Plaintiff was a qualified employee with a disability under the TCHRA.

68.   Plaintiff's disability was a physical condition that did not impair his ability to reasonably perform his job.

69.   Defendants have intentionally discriminated against Plaintiff on the basis of his disability.

70.   As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the TCHRA, Plaintiff has suffered and continues to suffer, lost wages,

lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

71. Defendants' unlawful conduct in violation of the TCHRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## COUNT IV: Failure to accommodate in Violation of the TCHRA

72. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-47, above.

73. At all times material, Defendants each, employed fifteen (15) or more employees and both Defendants qualify as employers within the meaning of the TCHRA.

74. At all times relevant to this action, Plaintiff was a qualified employee with a disability under the TCHRA.

75. At all times material, Plaintiff was a qualified employee with a disability under the TCHRA.

76. Plaintiff's disability was a physical condition that did not impair his ability to reasonably perform his job.

77. Defendants failed or refused to make a reasonable workplace accommodation to Plaintiff's known disability, in violation of the TCHRA.

78. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the TCHRA, Plaintiff has suffered and continues to suffer, lost wages,

lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

79.   Defendants' unlawful conduct in violation of the TCHRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## COUNT V: Age Discrimination in Violation of the ADEA

80.   Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-47, above.

81.   At all times material, Defendants each, employed twenty (20) or more employees and both Defendants qualify as employers within the meaning of the ADA.

82.   Defendants engaged in intentional age discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's termination.

83.   Defendants' conduct violates the ADEA.

84.   The Plaintiff has satisfied all statutory prerequisites for filing this action.

85.   Defendants' discriminatory conduct, in violation of ADEA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

86.   Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

87.   Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## COUNT VI: Age Discrimination in Violation of the TCHRA

88.   Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-47, above.

89.   At all times material, Defendants each, employed fifteen (15) or more employees and both Defendants qualify as employers within the meaning of the TCHRA.

90.   Defendants engaged in intentional age discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's termination.

91.   Defendants' conduct violates the TCHR.

92.   The Plaintiff has satisfied all statutory prerequisites for filing this action.

93.   Defendant's discriminatory conduct, in violation of the TCHR, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

94.   Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

95.   Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## COUNT VII: Religious Discrimination under Title VII

96.   Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-47, above.

97.   At all times material, Defendants each, employed fifteen (15) or more employees and

both Defendants qualify as employers within the meaning Title VII.

98. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his religion, Muslim/Islam.

99. Defendants are prohibited under Title VII from discriminating against Plaintiff because of his religion with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

100. Defendants violated Title VII by unlawfully terminating and discriminating against Plaintiff based on his religion.

101. Plaintiff has been damaged by the illegal conduct of Defendants.

102. Defendants' discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

103. Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

104. Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## COUNT VIII: Religious Discrimination under TCHRA

105. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-47, above.

106. At all times material, Defendants each, employed fifteen (15) or more employees and both Defendants qualify as employers within the meaning of the TCHRA.

107. At all times relevant to this action, Plaintiff was in a protected category under the TCHRA because of his religion, Muslim/Islam.

108.    Defendants are prohibited under the TCHRA from discriminating against Plaintiff because of his religion with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

109.    Defendants violated the TCHRA by unlawfully terminating and discriminating against Plaintiff based on his religion.

110.    Plaintiff has been damaged by the illegal conduct of Defendants.

111.    Defendants' discriminatory conduct, in violation of the TCHRA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

112.    Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

113.    Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

A) Enter judgment requiring Defendants to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

B) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

C) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.


Respectfully Submitted:


**/s/ Gabrielle Klepper**
Gabrielle Klepper, Esq.
Texas Bar Number.: 24090213
**Spielberger Law Group**
202 S. Hoover Blvd.
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gabrielle.Klepper@spielbergerlawgroup.com
*Trial Counsel for Plaintiff*

# EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 460-2016-02781 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mehboob Lakhani** | **(847) 791-1400** | **05-20-1959** |

| Street Address | City, State and ZIP Code |
|---|---|
| **8205 Braesmain Dr, Houston, TX 77225**<br>8205 Braesmain Dr. Unit # 20072 Houston, TX 77225 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **HCL AMERICA INC** | **Unknown** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **330 Potrero Ave, Sunnyvale, CA 94085** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **12-14-2015**   Latest **12-14-2015**
☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I.   I began my employment with Respondent on October 13, 2014, as a Senior Storage Engineer working on call from my home after being placed with Respondent thru KRG Technologies. In August 2015, I was involved in an auto accident which left me temporary disabled. I asked to not to be placed on a call duty but was denied my request. On December 14, 2015, I was terminated by Elizabeth Stenblom, Supervisor.

II.   I believe that I have been discriminated against because of my religion (Muslim); age (56) and disability, in violation of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act of 1967, as amended; and the Americans with Disabilities Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 7/8/2016 _____ *Date* ___ *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

RECEIVED

JUL 08 2016
HOUSTON
DISTRICT OFFICE
EEOC

# EXHIBIT 2

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  **Mehboob Lakhani**<br>**8205 Braesmain Dr**<br>**Houston, TX 77225** | From:  **Houston District Office**<br>**Mickey Leland Building**<br>**1919 Smith Street, 7th Floor**<br>**Houston, TX 77002** |

| | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|
| EEOC Charge No.<br><br>**460-2016-02781** | EEOC Representative<br>**Leticia Flores,**<br>**Investigator** | Telephone No.<br><br>**(713) 651-4932** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[  ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[  ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** **before you file suit may not be collectible.**

On behalf of the Commission

_Elizabeth S. Dent_

**Rayford O. Irvin,**
**District Director**

AUG 1 9 2016

*(Date Mailed)*

Enclosures(s)

cc:
**Prasath Pannerselvam**
**Human Resources**
**HCL AMERICA**
**330 Potrero Avenue**
**Sunnyvale, CA 94085**

**Lowell Keig, Executive Director**
**TWC/Civil Rights Division**
**101 E 15th Street    Room 144T**
**AUSTIN  TX  78778**

# EXHIBIT 3

 

EEOC Form 5 (11/02)

| CHARGE OF DISCRIMINATION | Charge Presented To | Agency(ies) Charge No(s) |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 460-2016-02726 |

| Texas Workforce Commission Civil Rights Division | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mehboob Lakhani | (847) 791-1400 | 05-20-1959 |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| 8205 Braesmain Dr, Houston, TX 77225 8205 Braesmain Dr. Unit # 20072 Houston, TX 77225 | | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others (If more than two, list under PARTICULARS below)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| KRG TECHNOLOGIES | 500 or More | (661) 367-8000 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 25000 Ave Stanford Ste #4243, Valencia, CA 91355 | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☐ SEX ☒ RELIGION ☐ NATIONAL ORIGIN | Earliest 12-14-2015 Latest 12-14-2015 |
| ☐ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)).

I. I began my employment with Respondent on October 13, 2014, to work for HCL America, Inc. as a Senior Storage Engineer working on call from my home. In August 2015, I was involved in an auto accident which left me temporary disabled. I asked to not to be placed on a call duty but was denied my request. On December 14, 2015, I was terminated by Elizabeth Stenblom, Supervisor.

II. I believe that I have been discriminated against because of my religion (Muslim); age (56) and disability, in violation of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act of 1967, as amended; and the Americans with Disabilities Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief SIGNATURE OF COMPLAINANT |
| 7/8/2016 Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Charging Party Signature | RECEIVED |

JUL 08 2016

HOUSTON

# EXHIBIT 4

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Mehboob Lakhani
8205 Braesmain Dr
Houston, TX 77225

From: Houston District Office
Mickey Leland Building
1919 Smith Street, 7th Floor
Houston, TX 77002

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2016-02726 | Leticia Flores, Investigator | (713) 651-4932 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Rayford O. Irvin,
District Director

AUG 2 4 2016
(Date Mailed)

Enclosures(s)

cc:
Muthuramalingam Umapathi
President
KRG TECHNOLOGIES, INC.
25000 Avenue Stanford Suite 4243
Valencia, CA 91355

Lowell Keig, Executive Director
TWC/Civil Rights Division
101 E 15th Street, Room 144T
AUSTIN TX 78778